# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Paden El Bey: Tiffany, | Case No. 2:23-cv-00393-ART-DJA |
| Plaintiff, | |
| v. | **Order** |
| Haller Karen; and Southwest Gas Holding Inc., | |
| Defendants. | |

Pro se Plaintiff Paden El Bey: Tiffany filed an application to proceed *in forma pauperis*. (ECF No. 1). However, Plaintiff's application appears to misrepresent required information. The Court thus denies Plaintiff's application without prejudice.

**I.    Discussion.**

Federal Rule of Civil Procedure 10(a) commands that the title of every complaint must name all the parties. "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*.  *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443- 44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons.  The Long Form requires more detailed information than the Short Form. The Court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for *in forma pauperis* status.  When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the Court is able to make a fact finding regarding the applicant's financial status.  *See e.g., Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), *report and recommendation adopted sub nom. Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Plaintiff submitted the Short Form *in forma pauperis* application.  (ECF No. 1).  Plaintiff claims to make no money, have no bills, have no property of any kind, have no dependents, and to have no debts.  On the docket, Plaintiff includes an address.  The Court takes judicial notice of

the fact that public records reveal the address is a three-bedroom house.  Plaintiff does not provide any details in the application regarding how she pays bills for the house, whether she owns or rents the house, or how she lives considering her claim to have no money and no bills.  The Court finds that Plaintiff has omitted information from the application.  As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

The Court also notes that many members of the Moorish sovereign citizen movement affix "Bey" or "El" to their names.  *See Bey v. Mower Cty. HHS Office of Child Support*, No. 15-cv-2728 (JNE/TNL), 2015 U.S. Dist. LEXIS 96970 (D. Minn. June 24, 2015).  Plaintiff also appears to have included in the signature line a reference to "UCC 1-308" which appears to refer to some sort of reservation of rights.  This is common in Moorish pleadings because they believe that by "reserving your rights" you can avoid the potential consequences of untruthful answers.  *Id.* at 2-3.  Plaintiff's application is evasive, incomplete, and indicates that Plaintiff is concealing assets.  The Court also notes that Plaintiff has initiated at least six civil actions in this Court, not including the instant suit:

   1. 2:23-cv-00388-APG-EJY: *Paden El Bey: Tiffany v. Cannon A. Douglas et al.*
   2. 2:23-cv-00389-APG-VCF *Paden El Bey: Tiffany v. Fairbank et al.*
   3. 2:23-cv-00390-APG-BNW *Paden El Bey: Tiffany v. Losh et al.*
   4. 2:23-cv-00391-CDS-NJK *Paden El Bey: Tiffany v. Cox Communication et al.*
   *5.* 2:23-cv-00392-GMN-NJK *Paden El Bey: Tiffany v. Hochschild et al.*
   6. 2:23-cv-00394-JAD-NJK *Paden El Bey: Tiffany v. Doubles et al.*

Plaintiff likely is not litigating using her legal name.  The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application.  The Court orders that Plaintiff must complete the Long Form application.  The Court further orders that Plaintiff may not respond with a zero in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.  Since Plaintiff must complete the Long Form, Plaintiff is required to provide comprehensive information regarding sources of income, employment history, bank accounts, assets, monthly expenses with dollar amounts, age, how she pays bills, and her years of schooling, among other things.  In response to question 11,

which asks why Plaintiff cannot afford to pay the filing fee, Plaintiff must explain in detail how she pays her bills.

The Court also orders that the Plaintiff must use her real name per the Federal Rules. Plaintiff must inform the Court of her legal name on her birth certificate and driver's license in the updated *in forma pauperis* application.  Plaintiff must sign the *in forma pauperis* application with her legal name.  The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.  Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **June 26, 2023** to file an updated application to proceed *in forma pauperis* using the Long Form as specified in this order or pay the filing fee.  Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

DATED: May 25, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE